KAREN L. MORRIS
General Counsel
KARTAR S. KHALSA
Deputy General Counsel
STEPHANIE THOMAS
ERIN C. KIM (CA Bar No. 273710)
Assistant General Counsels
ZOE C. WADGE (DC Bar No. 90005752)
Attorney
PENSION BENEFIT GUARANTY CORPORATION
445 12th St. S.W.
Washington, D.C. 20024-2101
Tel: (202) 207-5568
Fax: (202) 229-6092
Email: Kim.Erin@pbgc.gov and efile@pbgc.gov

*Attorneys for Plaintiff Pension Benefit Guaranty Corporation*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: ACDD, Inc. Cash Balance Plan<br><br>Pension Benefit Guaranty Corporation,<br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>ACDD, Inc.,<br>as plan administrator of the ACDD, Inc.<br>Cash Balance Plan,<br>　　　　　　　Defendant. | No. 2:24-cv-00940 |

## PETITION TO ENFORCE PENSION BENEFIT GUARANTY CORPORATION'S ADMINISTRATIVE SUBPOENA

　　　　This action arises under Title IV of the Employment Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1301-1461 (2018 & Supp. III 2021). Petitioner, Pension Benefit Guaranty Corporation ("PBGC"), files this petition pursuant to 29 U.S.C. § 1303(c) to enforce an administrative subpoena issued to the Respondent, ACDD, Inc. ("ACDD"). In support of this Petition, PBGC respectfully refers the Court

to the Declaration of Zoe Wadge ("Declaration"), which is attached hereto as Exhibit A, and to the additional exhibits attached hereto. The Court should order compliance with the administrative subpoena and award PBGC its costs and expenses.

## PARTIES

1. PBGC is a wholly owned United States Government corporation established under 29 U.S.C. § 1302(a) to administer the pension plan termination insurance program created by Title IV of ERISA.

2. ACDD is a domestic California corporation that was incorporated in 2006. The California Secretary of State's database lists the Company's current and principal address as 1967 Glencoe Way, Glendale, CA 91208 (the "Registered Agent Address"). ACDD's website lists its place of business as 8443 Foothill Blvd, Sunland, CA 91040 (the "Business Address"). Copies of the business entity search and ACDD's website contact information page with its mailing address are attached hereto as Exhibit B1 and B2, respectively.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 29 U.S.C. §§ 1303(c) and (e)(3), which provides that PBGC may invoke the aid of any court of the United States to enforce any of its administrative subpoenas issued under 29 U.S.C. § 1303(a).

4. Venue lies in the United States District Court for the Central District of California pursuant to 29 U.S.C. §§ 1303(c) and (e)(2), because the Respondent is domiciled here and the subpoena was issued here.

## STATUTORY BACKGROUND

5. Congress established PBGC to: (1) encourage the continuation and maintenance of voluntary private pension plans for the benefit of their participants; (2) provide for the timely and uninterrupted payment of pension benefits to participants and beneficiaries under plans covered by Title IV of ERISA; and (3) maintain premiums at

the lowest level possible. 29 U.S.C. § 1302(a).

6. Subject to statutory limits, PBGC guarantees the benefits earned by participants in pension plans covered under Title IV of ERISA. When a covered pension plan terminates without sufficient assets to pay benefits, PBGC typically becomes trustee of the plan, takes over the plan's assets, and pays guaranteed benefits to plan participants and their surviving beneficiaries, subject to statutory limitations. See 29 U.S.C. §§ 1321- 1322, 1342, 1361. PBGC has the discretion to terminate pension plans under certain circumstances, as provided in 29 U.S.C. § 1342(a).

7. ERISA provides PBGC with the authority to "make such investigations as it deems necessary to enforce any provision of this subchapter or any rule or regulation thereunder. 29 U.S.C. § 1303(a).

8. For the purpose of any such investigation, the PBGC Director, or his designee, may "subpena witnesses, compel their attendance, take evidence, and require the production of any books, papers, correspondence, memoranda, or other records which [PBGC] deems relevant or material to the inquiry." 29 U.S.C. § 1303(b).

9. ERISA further states that "[i]n the case of contumacy by, or refusal to obey a subpena issued to, any person, [PBGC] may invoke the aid of any court of the United States within the jurisdiction of which such investigation or proceeding is carried on, or where such person resides or carries on business, in requiring the attendance and testimony of witnesses and the production of books, papers, correspondence, memoranda, and other records. The court may issue an order requiring such person to appear before [PBGC], or member or officer designated by [PBGC], and to produce records or to give testimony related to the matter under investigation or in question. Any failure to obey such order of the court may be punished by the court as a contempt thereof." 29 U.S.C. § 1303(c).

10. Neither ERISA nor PBGC regulations require a specific means of service for administrative subpoenas issued by PBGC.

# FACTS

11. ACDD established and maintained the ACDD, Inc. Cash Balance Plan (the "Pension Plan") for the exclusive benefit of its employees. See 29 U.S.C. § 1104(a).

12. The Pension Plan is a tax-qualified, defined benefit pension plan covered under Title IV of ERISA.

13. ACDD is the administrator of the Pension Plan within the meaning of 29 U.S.C. §§ 1002(16)(A) and 1301(a)(1).

14. Monte Keshishian is ACDD's current registered agent, Chief Executive Officer, Chief Financial Officer, Secretary, and Director.

15. Valod Keshishian was ACDD's previous registered agent, Chief Executive Officer, Chief Financial Officer, Secretary, and Director. On information and belief, Valod Keshishian is still employed by ACDD.

16. In May of 2021, as a result of a PBGC Premium Filing review, PBGC discovered that ACDD has failed to pay required pension plan premiums since 2020, file its required Form 5500 disclosures since 2019, and likely failed to make required pension plan contributions since 2019. See 29 U.S.C. §§ 1306, 1307(a).

17. PBGC accordingly commenced an investigation into ACDD's failure to make necessary payments to the Pension Plan and timely file its required disclosures, pursuant to the authority granted to PBGC under 29 U.S.C. § 1303(a).

18. By letter dated May 18, 2023, PBGC requested that ACDD provide to PBGC information and certain documents relating to the Pension Plan and ACDD's financial condition ("Information Request Letter"). A copy of the Information Request Letter is attached as Exhibit C and incorporated by reference. Respondent provided no response.

19. Between July 3rd and 7th, 2023, PBGC attempted to contact Valod Keshishian by phone but was unable to reach him. Valod Keshishian soon after replied via text message and explained that he was out of the country and requested to speak

with PBGC following his return on July 29, 2023. A transcript of that text message exchange is attached as Exhibit D and incorporated by reference.

20. Subsequent to sending the Information Request Letter, PBGC made multiple attempts to contact Valod Keshishian by phone, as well as emailing him and copying Monte Keshishian at their ACDD email addresses to request a response to the Information Request Letter. Valod Keshishian failed to respond to PBGC. See Declaration at ¶ 9.

21. On October 30, 2023, PBGC issued a subpoena to ACDD under 29 U.S.C. § 1303(b) requiring production of the previously requested documents and information on or before November 13, 2023 (the "First ACDD Subpoena"). A copy of the First ACDD Subpoena is attached as Exhibit E and is incorporated herein by reference.

22. On October 31, 2023, the First ACDD Subpoena was delivered to Valod Keshishian at ACDD's Business Address. A copy of the Federal Express Proof of Delivery is attached as Exhibit F.

23. Respondent failed to respond to the First ACDD Subpoena within the times prescribed or at any time thereafter. See Declaration at ¶ 12.

24. PBGC made another attempt to contact ACDD regarding the First ACDD Subpoena on November 14, 2023. Respondent provided no response.

25. On December 18, 2023, PBGC issued a second subpoena to ACCD under 29 U.S.C. § 1303(b) with slight alterations for required production of the previously requested documents and information on or before January 3, 2024 (the "Second ACDD Subpoena"). A copy of the Second ACDD Subpoena is attached as Exhibit G and is incorporated herein by reference.

26. On December 19, 2024, the Second ACDD Subpoena was delivered to Monte Keshishian at ACDD's Registered Agent Address. A copy of the Federal Express Proof of Delivery is attached as Exhibit H.

27. Respondent failed to respond to the Second ACDD Subpoena within the

times prescribed or any time thereafter. See Declaration at ¶ 15.

WHEREFORE, PBGC respectfully requests that this Court:

1. Issue an order directing Respondent, ACDD, Inc. to appear, through a duly authorized representative, before the Court, upon a day fixed by said order, and to show cause why the Court should not issue a subsequent order directing it to fully comply with the subpoena;

2. Upon return of the order to show cause, issue a subsequent order directing Respondent to produce any and all documents and records responsive to the subpoena to the Pension Benefit Guaranty Corporation;

3. Award PBGC the costs in maintaining this action;

4. Award PBGC such other relief as the Court deems appropriate.

Dated: February 2, 2024
Washington, D.C.

Respectfully submitted,

/s/ Erin C. Kim

KAREN L. MORRIS
General Counsel
KARTAR S. KHALSA
Deputy General Counsel
STEPHANIE THOMAS
ERIN C. KIM (CA Bar No. 273710)
Assistant General Counsels
ZOE C. WADGE (DC Bar No. 90005752)
Attorney
PENSION BENEFIT GUARANTY CORPORATION
Office of the General Counsel
445 12th Street S.W.
Washington, D.C. 20024-2101
Telephone: (202) 207-5568
Fax: (202) 229-6092
Emails: kim.erin@pbgc.gov and
efile@pbgc.gov

*Attorneys for Petitioner Pension Benefit Guaranty Corporation*